# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 5:20-CR-53-3 (CAR) |
| | : | |
| RAQUAN EMAHL GRAY, | : | |
| | : | |
| Defendant. | : | |

**ORDER ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Before the Court is Defendant Raquan Gray's Motion for Judgment of Acquittal [Doc. 124] under Federal Rule of Criminal Procedure 29. On May 24, 2022, following a two-day trial, a jury found Defendant Raquan Gray guilty of conspiring to possess with intent to distribute less than five grams of methamphetamine.[1]

Two weeks after the verdict, Defendant filed the present Motion contending he was entitled to a judgment of acquittal on the grounds that "(a) the Court constructively amended the indictment by giving an additional charge to the jury during deliberations; and (2) there was insufficient evidence presented to convict Defendant of the offense charged in the indictment."[2] For the reasons discussed below, Defendant's Motion is **DENIED**.

---

[1] Jury Verdict, Doc. 113.
[2] Defendant's Motion for Judgment of Acquittal, Doc. 124-1 at p. 1.

## LEGAL STANDARD

In ruling on Defendant's Rule 29 Motion, the Court must determine "whether the evidence, examined in a light most favorable to the Government, was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt."[3] In doing so "[a]ll credibility choices must be made in support of the jury's verdict."[4]

## DISCUSSION

A.  The Court's Additional Jury Charge

First, Defendant contends "the Court constructively amended the indictment by giving an additional charge to the jury during deliberations."[5] During deliberations, the jury submitted a written question to the Court. The question stated: "Hes [sic] guilty for the conspiracy but not for the meth. Were [sic] hung up on the meth part."[6] After a recess for lunch, the Court discussed the jury's question with the parties and read its proposed response. The proposed instruction stated:

> Ladies and Gentleman, in response to your note, I will further charge you with respect to the law applicable to conspiracy as follows: The Government is required to prove beyond a reasonable doubt that the defendant knew that the unlawful purpose of the plan was distribution of a controlled substance. The Government is not required to prove that the Defendant knew the substance was methamphetamine. The government need only prove that it was methamphetamine.[7]

---

[3] *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004) (citing *United States v. Varkonyi*, 611 F.2d 84, 85-86 (5th Cir. 1980)).
[4] *Id.* (citing *United States v. Gianni*, 678 F.2d 956, 958-59 (11th Cir. 1982); *United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979)).
[5] *Id*.
[6] Doc. 112, at p. 1.
[7] *Id*. at p. 2.

Defendant objected to the proposed instruction and raised substantially the same arguments he raises in this Motion. Defendant's arguments remain unpersuasive. In overruling Defendant's objection, the Court cited *United States v. Sanders*, 668 F.3d 1298 (11th Cir. 2012), in which the Eleventh Circuit affirmed the district court's additional charge to the jury that stated, "the defendant does not have to know specifically the nature of the particular drug that he's possessing, but must know that it is a controlled substance."[8] The Eleventh Circuit has consistently held that in order to sustain a conviction for possession with intent to distribute a controlled substance, the Government must only prove Defendant knew he was dealing with a controlled substance—it need not prove Defendant had knowledge of the particular controlled substance involved.[9] Therefore, Defendant's contention is without merit and unsupported by Eleventh Circuit case law.

B.  Defendant's Insufficiency Claim and Waiver

After the Government rested its case, Defendant orally moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 arguing there was insufficient

---

[8] *United States v. Sanders*, 668 F.3d 1298 at 1307 n.6, 1313-14 (11th Cir. 2012) ("[concluding] that the jury was not misled into convicting Sanders of a crime for which he was not indicted. Because Sanders could not have been convicted of an offense for which he was not indicted, the district court's jury charge did not constructively amend or broaden the indictment.")

[9] *See* United States v. Gomez, 905 F.2d 1513, 1514 (11th Cir. 1990) ("The court correctly instructed the jury that defendant's knowledge that he was carrying some controlled substance would be sufficient, without his knowing exactly what drug he had."). *See also United States v. Lewis*, 676 F.2d 508, 512 (11th Cir. 1982); *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978); *United States v. Zapata*, 497 F.2d 95, 98 n.7 (5th Cir. 1974).

3

evidence to prove Defendant's knowledge of various elements of the conspiracy. After hearing from the Government and Defendant, the Court denied Defendant's initial motion and stated there was sufficient evidence for the case to go to the jury.

Defendant presented his case and did not renew his Rule 29 motion at the conclusion of evidence. Thus, Defendant failed to preserve his motion for acquittal based on insufficiency of evidence. "If the defendant moves for a judgment of acquittal at the close of the government's case-in-chief, the motion is denied, and the defendant thereafter presents evidence, his presentation of evidence generally 'operates as a waiver of his objection to the denial of his motion for acquittal.' In that case, to preserve his objection, the defendant must renew his motion at the close of the evidence."[10] Defendant's arguments to the contrary are without merit.[11]

When a Defendant fails to preserve his motion for judgment of acquittal, the Eleventh Circuit "will affirm [the District Court's decision] absent a manifest miscarriage of justice."[12] The Eleventh Circuit has held manifest injustice requires a finding that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking."[13] Here, there is no manifest miscarriage of justice.

---

[10] *United States v. DeGennaro*, 309 F. App'x 350, 352 (11th Cir. 2009) (citing *United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir. 1994)).

[11] *United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir. 1994) ("a defendant's decision to present his case after denial of a motion for judgment of acquittal operates as a waiver of his objection to the denial of his motion for acquittal.") *See also United States v. DeGennaro*, 309 F. App'x 350, 352 (11th Cir. 2009) ("to preserve his objection, the defendant must renew his motion at the close of all of the evidence.").

[12] *DeGennaro*, 309 F. App'x at 352 (11th Cir. 2009) (citing *Jones*, 32 F.3d at 1516).

[13] *United States v. Tapia*, 761 F.2d 1488, 1492 (11th Cir. 1985).

Even if Defendant had preserved his objection, Defendant's Motion would be denied for the same reason the Court denied his motion for judgment of acquittal at the close of the Government's case—the Government presented sufficient evidence for the case to go to the jury. Defendant argues the evidence "was insufficient to establish that Defendant had any knowledge of an agreement or plan to possess with intent to distribute a Schedule II controlled substance or the unlawful purpose of such an agreement or plan."[14] The Court disagrees. Key evidence admitted in the case included: text messages, phone and GPS records, testimony from co-Defendants, testimony from the arresting officer, the parties' stipulation to the weight and purity of the methamphetamine,[15] as well as the Defendant's own testimony and prior convictions. After considering all the evidence and making the required credibility determinations in this case, the jury found Defendant guilty.

## CONCLUSION

For the forgoing reasons, Defendant's Motion for Judgment of Acquittal [Doc. 124] is **DENIED**.

**SO ORDERED**, this 1st day of July, 2022.

s/ C. Ashley Royal_____<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

[14] Defendant's Motion for Judgment of Acquittal, Doc. 124-1 at p. 6.
[15] Stipulation of Facts, Doc. 98.