**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 5:20-CR-53-003(CAR)

**RAQUAN EMAHL GRAY**

---

**ORDER ON MOTION FOR REDUCTION IN SENTENCE
UNDER 18 U.S.C. § 3582(c)(2) (Amendment 821)**

---

On May 20, 2025, defendant Raquan Emahl Gray moved the Court again for reduction in sentence pursuant to Amendment 821. He first moved the Court for a reduction in sentence pursuant to Amendment 821 on May 31, 2024 (Doc. 188), and that motion was denied October 11, 2024 (Doc. 193). On November 19, 2025, the defendant moved the Court for reconsideration of its denial order. For the following reasons, Gray's successive motion (Doc. 199) and his motion for reconsideration (Doc. 207) are **DENIED**.

Gray was originally sentenced on September 23, 2022, to a term of 240 months imprisonment followed by a three-year term of supervised release for the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine. He had a subtotal criminal history score of eleven (11), and he received two additional "status points" for being under a criminal justice sentence when he committed the instant offense. His total criminal history score was thirteen (13), which yielded a Criminal History Category VI. Based on a Total Offense Level 36 and Criminal History Category VI his guideline range was 324 to 405 months. However, since the statutorily authorized maximum sentence was less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence of 240 months became the advisory guideline sentence.

Amendment 821 to the *United States Sentencing Guidelines* now provides that a defendant with seven (7) or more criminal history points should receive one additional point for being under a criminal justice sentence when the instant offense was committed. This would result in a total criminal history score of twelve (12) and his Criminal History Category would be reduced to V. However, his advisory guideline sentence does not change given the statutorily authorized maximum sentence is still less than the minimum of the new applicable guideline range (292 to 365 months).

Pursuant to USSG § 1B1.10(a)(2), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2), where the amendment does not have the effect of lowering the defendant's applicable guideline range. While his criminal history points are reduced to 12 and his Criminal History Category is reduced to V, his advisory sentencing range remains unchanged. Accordingly, his successive motion to reduce sentence (Doc. 199) and his motion for reconsideration (Doc. 207) are **DENIED**.

So ordered this __9__ day of __June__, 2025.

_____
C. ASHLEY ROYAL
SENIOR U.S. DISTRICT JUDGE